# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVONTA ACKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1261-JPG |
| ) | |
| COMPTON, ) | |
| SABO, and ) | |
| BARBARA ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On June 12, 2018, Plaintiff filed this Complaint. (Doc. 1). At that time, the Court sent him a letter informing him that he would either have to pay a filing fee of $400 or file a motion to proceed in forma pauperis ("IFP"). (Doc. 2). The letter also informed Plaintiff that it was his obligation to keep the Court updated on his address. *Id*. On August 16, 2018, the Court entered a Notice of Impending Dismissal, informing Plaintiff that his filing fee or motion to proceed IFP was outstanding, and that failure to take action before September 6, 2018 would result in dismissal of this case for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b). (Doc. 3). That Notice came back undeliverable with a notation that Plaintiff was no longer incarcerated at the St. Clair County Jail. (Doc. 4). To date, Plaintiff has neither paid the filing fee for this matter, filed a proper IFP motion, nor provided the Court with his current address.

As a result, this case is **DISMISSED without prejudice** for failure to pay the required filing fee and to comply with an order of the Court. *See* 28 U.S.C. §§ 1914, 1915; Fed. R. Civ. P. 41; *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34

1

F.3d 466, 468 (7th Cir. 1994). The dismissal shall not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 14, 2018**

s/J. Phil Gilbert  
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).